In the Matter of the Application of the CITY OF MOUNT VERNON, Respondent, to Acquire Title to Lands of NEW YORK STATE REALTY AND TERMINAL COMPANY and Others, Appellants. (Proceeding No. 3.)

Second Department, June 26, 1925.

Municipal corporations — streets — condemnation to acquire former railroad bed for street uses — railroad claims property is being used for railroad purposes and cannot be acquired for street uses — proceedings by railroad in 1905 under Railroad Law, § 62 (now § 91) furnishes express legislative authority for this proceeding — railroad by continuing to use right of way for switching track after main tracks had been elevated for purpose of eliminating grade crossing cannot bar right of city.

Where a railroad through proceedings-instituted by it to eliminate grade crossings within a city, which proceedings were commenced in 1905 under section 62 (now § 91) of the Railroad Law, agreed to abandon the portion of its railroad on property now sought to be condemned by the city for street purposes and to construct and operate its railroad on an elevated structure, it cannot, after its railroad has been elevated, bar the right of the city to condemn the original

roadbed for street purposes by continuing to use one of the old tracks at grade for freight or switching purposes, in violation of its agreement.

The proceeding instituted in 1905 under the Railroad Law, followed by the determination of the Board of Railroad Commissioners in 1907, furnishes express legislative authority for this proceeding in addition to the ordinary requirements of the Condemnation Law.

APPEAL by the New York State Realty and Terminal Company and others from a judgment of the Supreme Court in favor of the petitioner, entered in the office of the clerk of the county of Westchester on the 24th day of February, 1925, upon the decision of the court rendered after a trial at the Westchester Special Term.

This condemnation proceeding was brought by the city of Mount Vernon against various individuals and corporations to acquire lands in the city of Mount Vernon required for street purposes.

The proceeding was commenced against Anthony T. Petrillo and several other defendants including the appellants herein. By orders duly made the proceeding was severed and that part of the proceeding to acquire the lands of the appellants, known as "Parcel 22," was designated as Proceeding No. 3.

*Frederick L. Wheeler* [*George H. Walker* and *Alex S. Lyman* with him on the brief], for the appellants.

*Hugh M. Hewson, Corporation Counsel*, for the respondent.

PER CURIAM:

We would affirm this judgment upon the opinion of Mr. Justice TAYLOR at Special Term except for the fact that we do not agree with his conclusion of law that the sole statutory authority under which this proceeding is taken is the Condemnation Law; because we think the proceedings in 1905, instituted by the railroad company for elimination of grade crossings under former section 62 (now section 91)* of the Railroad Law followed by the determination of the Board of Railroad Commissioners in 1907, accepted by all the parties without appeal, furnishes express legislative authority for this proceeding, in addition to the ordinary requirements of the Condemnation Law. In that statutory proceeding in 1905–1907 the railroad company, asserting its desire to eliminate grade crossings, agreed to abandon the operation of its railroad on the property now sought to be condemned, and to construct and operate its railroad at this point on an elevated structure. On this theory of the abandonment of the operation at grade with the resulting additional safety to the public, the railroad company obtained the payment

* See Railroad Law of 1890, § 62, added by Laws of 1897, chap. 754, as amd. by Laws of 1899, chap. 359; re-enacted and amd. by Laws of 1909, chap. 153; revised by Railroad Law of 1910, § 91, as amd. by Laws of 1911, chap. 141; Laws of 1913, chaps. 354, 744; Laws of 1914, chap. 378, and Laws of 1921, chap. 698.— [REP.

of twenty-five per cent of the cost of the change by the State of New York, and twenty-five per cent said to have been liquidated at the sum of $75,750 from the city of Mount Vernon.   The State of New York through its duly constituted authorities ratified this agreement for the removal of the railroad from the surface.   The railroad company agreed to abandon the operation at grade and to immediately sell the abandoned right of way, the proceeds of sale to go into its treasury.   Notwithstanding this agreement, and the subsequent construction and operation of the railroad on the elevated structure, it appears that the railroad company held on to the old right of way and apparently without objection by the city authorities continued to use one of the old tracks at grade for freight or switching purposes, in violation of its agreement with the State and the city, and in violation of law.   When the city in 1924 desired to obtain this abandoned right of way for use in widening its streets, the railroad company refused to deal with the corporation counsel and by an auction sale, after the lapse of seventeen years, sold the property to one of its subsidiary companies which immediately reconveyed the property to the railroad company.   It is this unlawful use which is pleaded as a reason for denying the city the right to acquire the property for street purposes.   We think the position of the appellants is inequitable, unjust and unfair in the extreme, not only to the plaintiff, the city of Mount Vernon, but to the State of New York which contributed its share of the expense of the removal of the tracks from grade and to the People whose safety was intended to be conserved by the proceedings under the Railroad Law.

The judgment should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and KAPPER, JJ.

Judgment unanimously affirmed, with costs.